J-S08010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALFRED WHITEFIELD | : | |
| | : | |
| Appellant | : | No. 1823 EDA 2024 |

Appeal from the PCRA Order Entered May 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014999-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALFRED WHITEFIELD | : | |
| | : | |
| Appellant | : | No. 1824 EDA 2024 |

Appeal from the PCRA Order Entered May 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015000-2013

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED APRIL 21, 2025**

Appellant, Alfred Whitefield, appeals from the May 29, 2024 order that dismissed his *pro se* petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely. Upon review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On January 26, 2016, following a waiver trial, the trial court found Appellant guilty of two counts of First-Degree Murder and related offenses for the shooting deaths of Carmen Medina and Thomas Gorman that occurred in front of eyewitness Yvette Davis, and stemmed from a dispute about paying "rent" for a street corner used for selling drugs. Relevant to this appeal, at trial the Commonwealth presented, *inter alia*, testimony from Angel Torres, a fellow inmate of Appellant who was incarcerated on Robbery charges. Mr. Torres testified that, while the two were incarcerated together, Appellant had disclosed to him that he committed the double shooting.

The court sentenced Appellant to, *inter alia*, two terms of life without parole. This Court affirmed Appellant's judgment of sentence on July 31, 2017, and our Supreme Court denied review on February 6, 2018. **See Commonwealth v. Whitefield**, 2103 EDA 2016 (Pa. Super. July 31, 2017) (non-precedential decision), *appeal denied*, 181 A.3d 291 (Pa. 2018). Appellant filed a timely initial PCRA petition, which failed to garner him relief.

On November 7, 2022, Appellant filed the instant *pro se* PCRA, his second, which he subsequently amended on May 4, 2023. In Appellant's amended *pro se* PCRA petition, he attempted to invoke both the newly discovered fact and governmental interference exceptions to the PCRA time-bar by averring that he recently learned that Mr. Torres, the above-mentioned prosecution witness, later pled guilty to a reduced charge of Third-Degree Murder in connection with the killing of Johnathan Martel in an unrelated case. Appellant argued that this demonstrates that Mr. Torres received "leniency in

exchange for favorable testimony." Amended PCRA Pet., 5/4/23, at 8. Appellant further asserted that this new fact demonstrates that the prosecution engaged in misconduct and violated the due process requirements of **Brady v. Maryland**, 373 U.S. 83 (1963).[1] Amended PCRA Pet., 5/4/23, at 12-14.

Appellant filed a supplemental PCRA petition on October 22, 2023, to which he attached Exhibit A, an affidavit of probable cause for Mr. Torres' arrest warrant. **See** Supplemental PCRA Pet., 10/22/23, Exhibit A. Notably, according to the affidavit, the police learned of Mr. Torres' connection to the Martel homicide on March 6, 2016, over a month after Appellant's trial had concluded. **Id.**

On April 18, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice to dismiss Appellant's PCRA petition without a hearing, finding that Appellant failed to assert an applicable timeliness exception. Appellant filed a response on May 6, 2024, and, after further review, the PCRA court dismissed Appellant's petition on May 29, 2024.

Appellant filed a timely *pro se* appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

_____

[1] Appellant raised other claims in his amended PCRA petition that he abandons on appeal, including ineffective assistance of trial counsel. Even if Appellant had not abandoned this claim, he would not be entitled to relief. Our Supreme Court has explained that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000).

Appellant raises a sole issue for our review: "Did the PCRA court commit clear legal error in determining that the [PCRA] petition was untimely without a timeliness exception?" Appellant's Br. at 4.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." *Commonwealth v. Smith*, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1), including the government interference, newly discovered fact, and new constitutional right exceptions. *Id.* Any petition

invoking a timeliness exception must be filed within one year of the date the claim could have been presented. *Id.* at § 9545(b)(2).

To satisfy the newly discovered facts exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Id.* at § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**." *Id.* at 1272 (internal quotation marks omitted), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. *Commonwealth v. Brensinger*, 218 A.3d 440, 449 (Pa. Super. 2019). A petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Finally, "[w]hile the law provides that Appellant need not provide a nexus between the newly discovered fact and his conviction, he still must provide a connection between the fact and his underlying claim." *Commonwealth v. Fears*, 250 A.3d 1180, 1189 (Pa. 2021).

The government interference exception requires proof that "the failure to raise the claim previously was the result of interference by government

officials[.]" 42 Pa.C.S. § 9545(b)(1)(i). ***See also Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). This requires the petitioner to show that due to the interference of a government actor, he could not have filed his claim earlier. ***Commonwealth v. Vinson***, 249 A.3d 1197, 1205 (Pa. Super. 2021).

The PCRA court found Appellant's Exhibit A—which demonstrated that an arrest warrant was not issued for Mr. Torres for the murder of Mr. Martel until a month **after** Appellant's convictions—to be fatal to his claims. The PCRA court opined:

> According to the affidavit of probable cause, submitted by [] Appellant, [Mr.] Torres had not been arrested, or even identified as [Mr.] Martel's killer prior to the trial. The affidavit shows [Mr.] Torres was not a suspect until March 5, 2016, more than a month after [Appellant]'s trial had concluded. . . .[Mr.] Torres was[ not] even a suspect in the complained of matter until more than a month after [Appellant]'s conviction and as such can not be the basis of a prosecutorial misconduct claim.

PCRA Ct. Op., dated 7/17/24, at 6-8. We agree that Appellant's proffered evidence fails to satisfy a timeliness exception.

The mere fact that Mr. Torres negotiated a plea deal after he testified against Appellant at trial is insufficient to demonstrate that Mr. Torres had a deal with the Commonwealth prior to Appellant's trial. ***See Commonwealth v. Simpson***, 66 A.3d 254, 266 (Pa. 2013) (stating that a mere assumption that a promise to reduce a witness's sentence must have been made in exchange for favorable testimony does not demonstrate a **Brady** violation). Moreover, in an analogous case, the Supreme Court recently held that an

unsubstantiated allegation that the Commonwealth induced the testimony of a prosecution witness, without more, did not satisfy either the newly discovered evidence or government interference exceptions to the PCRA time-bar. ***Commonwealth v. Towles***, 300 A.3d 400, 416-17 (Pa. 2023).

Here, Appellant's proffer demonstrates that Mr. Torres was not even implicated in the Martel case until after Appellant had already been convicted and sentenced, leaving Appellant with an unsubstantiated allegation that the Commonwealth induced Mr. Torres's testimony. Without more, Appellant fails to invoke an exception to the PCRA time-bar.

In sum, the PCRA court properly dismissed Appellant's untimely PCRA petition. Appellant failed to plead and prove an exception to the PCRA time-bar. Accordingly, we are without jurisdiction to review the merits of this appeal. We, thus, affirm the denial of relief.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/21/2025